Naomi **CHITTESTER**, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

**LC–DC–F EMPLOYEES OF G. E. FEDERAL CREDIT UNION et al.,** Defendants.

Civ. A. No. 74–52 ERIE.

United States District Court,
W. D. Pennsylvania.

Nov. 7, 1974.

See also, D.C., 384 F.Supp. 475.

Legal Services for Northwestern Pa., Ted G. Miller, William D. Taggart, Erie, Pa., for plaintiff.

Jack M. Gornall, Erie, Pa., for Credit Union.

Wendell R. Good, Erie, Pa., for Hanisek, Sheriff.

Harvey D. McClure, Erie, Pa., for Prothonotary MacIvor.

## OPINION AND FINDINGS

WEBER, District Judge.

This is an action under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. by a plaintiff who co-signed a judgment note with her daughter and son-in-law, Mr. and Mrs. Lynch, which created a security interest in plaintiff's real property, the place of residence. The note was entered in judgment but no execution is pending thereon, although payments are in default by the principal debtors. Plaintiff seeks declaratory, injunctive and monetary relief on several counts of the complaint.

Plaintiff's counts include a challenge to the Pennsylvania Statutes and Procedural Rules involving confession of judgments, and she joins the Sheriff and Prothonotary of Erie County as defendants in those counts. In addition she moves to convene a statutory three-

judge district court on these allegations and also moves that the action proceed as a class action. While a temporary restraining order against any execution on the confessed judgment involved herein was issued on plaintiff's ex parte application, at the time of hearing on its continuance the injunction was vacated for the reasons set forth in our Memorandum Order of July 29, 1974.

Subsequently the plaintiff moved for judgment on the pleadings on the Truth in Lending Count. The court ordered the Truth in Lending Count severed for separate consideration, and ordered an evidentiary hearing on this count. We now proceed to consider this count.

Plaintiff testified that when she signed the original documents the finance charges and annual percentage rate were not disclosed to her, nor was she provided with copies of documents which she signed. She also denies receiving copies of a notice of her right of recission as required by Regulation Z, 12 CFR Sec. 226.9(b).

From the testimony of the witnesses it appears that plaintiff and her daughter went to the office of defendant Credit Union on October 2, 1973 where they discussed the loan with defendant's agent. There they signed the note, with their signatures witnessed by defendant's agent. While defendant's agent testified that he explained to them the finance charges, the annual percentage rate, and the total repayment rate, plaintiff denies ever seeing the Z-1 form and her signature acknowledging receipt of same is not contained on the exhibit. The Z-1 form also does not contain the annual percentage rate.

Plaintiff admits signing the note and the Regulation Z-3 form, the notice of right to rescind, but she denies that she was given a copy to retain.

Plaintiff testifies that she took the note and a long form (presumably the Z-3 form) home for signature by her ex-husband, the co-owner of the real estate pledged as security. His signature appears on the note witnessed by his wife (the plaintiff here) and on a separate copy of the Regulation Z-3 Notice of Recission form.

Plaintiff testified that her daughter took all papers back with her.

Defendant's agent testified that his belief is that both Mr. and Mrs. Lynch and plaintiff appeared before him on October 2, 1973 when the note was signed, but his belief is derived only from his customary practice and not from any independent recollection. His belief is fortified by his personal witnessing of the signatures of Mr. and Mrs. Lynch and plaintiff. However, it is completely consistent with his having witnessed the signature of Mr. Lynch on October 3, 1974 when the loan transaction papers were returned to his office. This conclusion is fortified by the evidence that only the signature of Joseph R. Lynch appears on the Regulation Z-1 form, the Disclosure Form, acknowledging receipt of said form on October 3, 1974.

While the signed acknowledgment of receipt of the Z-3 form (Notice of Recission) creates only a rebuttable presumption, plaintiff's testimony fails to rebut this presumption as to the receipt of the Notice of Recission form. On the other hand, plaintiff's testimony of non-receipt of the Disclosure Form stands uncontradicted and is consistent with the exhibit and her other testimony concerning the transaction.

■■ We, therefore, find that:

1. This is a transaction governed by 12 CFR 226.8(a) which requires a written statement containing the required disclosures to be delivered to the customer.

2. The plaintiff was a "customer" of the defendant in this transaction. 12 CFR 226.2($o$) which includes a co-maker, endorser, guarantor or surety under the definition of customer.

3. The plaintiff was entitled to the disclosures in writing as set forth in Form Z-1 in this case because a security interest was acquired in

real property which is used as her principal residence.

4. The plaintiff is entitled to rescind the transaction until midnight of the third day from the date of delivery of the disclosures required to be delivered by notifying the creditor in writing of his intention to do so.

5. The plaintiff did not receive the disclosures contained in Form Z–1 required to be delivered to her in writing prior to her notice of recission made by her attorney by letter dated July 10, 1974.

6. The letter of Attorney Ted G. Miller rescinding the transaction, dated July 10, 1974, is a timely and effective recission of the transaction on behalf of Naomi Chittester, the within plaintiff.

7. Plaintiff has presented no evidence of actual monetary damages. The evidence discloses that the violation on the part of defendant credit union was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Therefore defendant credit union is not liable for the damages provided by 15 U.S.C. § 1640(a) because of the exception made in subsection (c) of 15 U.S.C. § 1640.

DISCUSSION:

The evidence reveals that plaintiff paid little attention to the details of the transaction because her son-in-law and daughter were the principal debtors for whose benefit the loan was negotiated, and that she left all the details in obtaining signatures, custody of all documents and delivery of all documents to them. They have departed from this jurisdiction, and defaulted on the note, leaving plaintiff subject to the lien on her residence which is the principal issue here. The defendant only fails in its proof that the individual plaintiff here was shown the

Z–1 form at the time of the transaction. Nevertheless, a Z–1 form was acknowledged by the principal debtor, Joseph Lynch.